Filed 2/11/14  P. v. Patterson CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>TONYA R. PATTERSON,<br><br>        Defendant and Appellant. | A136548<br><br>(Lake County<br>Super. Ct. Nos. CR927200, CR929872) |

Appellant Tonya R. Patterson was convicted, pursuant to a plea agreement, of possession for sale of a controlled substance and failure to appear.  On appeal, she contends there was insufficient evidence of her ability to pay to support imposition of criminal justice administration fees and a drug program fee.  In the alternative, she contends the failure of defense counsel to object to these fees based on her inability to pay constituted ineffective assistance of counsel.  We conclude appellant forfeited these claims due to defense counsel's failure to object in the trial court.  We also conclude, however, that counsel was ineffective for failing to object to imposition of the drug program fee in the trial court.  We shall therefore reverse and remand the matter for a determination of appellant's ability to pay that fee, but shall otherwise affirm the judgment.

## *PROCEDURAL BACKGROUND*

On January 30, 2012, appellant pleaded no contest, in Case No. CR927200, to possession for sale of a controlled substance, methamphetamine.  (Health & Saf. Code,

§ 11378.)[1]  On August 13, 2012, appellant pleaded no contest, in Case No. CR929872, to failure to appear.  (Pen. Code, § 1320.5.)[2]

On September 6, 2012, the trial court sentenced appellant to three years, eight months in state prison.  It also imposed various fines and fees.

On September 12, 2012, appellant filed a notice of appeal.

## DISCUSSION

### I.  *Trial Court's Imposition of the Criminal Justice Administration Fees and the Drug Program Fee*

Appellant contends there was insufficient evidence of her ability to pay to support imposition of criminal justice administration fees and a drug program fee.

### A.  *Trial Court Background*

At sentencing, the trial court imposed various fines and fees, including a criminal justice administration fee (booking fee) of $30 in each of her two cases, pursuant to Government Code section 29550, subdivision (c), and a drug program fee of $150 together with a penalty assessment of $450 in her drug possession case, pursuant to section 11372.7, subdivision (a).  Defense counsel did not object to imposition of either of these fees.

### B.  *Legal Analysis*

Appellant now challenges the trial court's imposition of the booking fee (Gov. Code, § 29550), and the drug program fee (§ 11372.7).

Government Code section 29550, subdivision (c), provides:  "Any county whose officer or agent arrests a person is entitled to recover from the arrested person a criminal justice administration fee for administrative costs it incurs in conjunction with the arrest if the person is convicted of any criminal offense related to the arrest, whether or not it is the offense for which the person was originally booked.  The fee which the county is

---

[1] All further statutory references are to the Health and Safety Code unless otherwise indicated.

[2] The specific facts underlying appellant's convictions are not relevant to the issues raised on appeal.

entitled to recover pursuant to this subdivision shall not exceed the actual administrative costs, including applicable overhead costs incurred in booking or otherwise processing arrested persons."

Section 11372.7 provides in relevant part: "(a) Except as otherwise provided in subdivision (b) or (e), each person who is convicted of a violation of this chapter shall pay a drug program fee in an amount not to exceed one hundred fifty dollars ($150) for each separate offense. The court shall increase the total fine, if necessary, to include this increment, which shall be in addition to any other penalty prescribed by law.

"(b) The court shall determine whether or not the person who is convicted of a violation of this chapter has the ability to pay a drug program fee. If the court determines that the person has the ability to pay, the court may set the amount to be paid and order the person to pay that sum to the county in a manner that the court believes is reasonable and compatible with the person's financial ability. In its determination of whether a person has the ability to pay, the court shall take into account the amount of any fine imposed upon that person and any amount that person has been ordered to pay in restitution. If the court determines that the person does not have the ability to pay a drug program fee, the person shall not be required to pay a drug program fee."

After appellant filed her opening brief in this case, the California Supreme Court issued its decision in *People v. McCullough* (2013) 56 Cal.4th 589, 590–591 (*McCullough*), in which it rejected the defendant's contention that he was entitled to challenge, for the first time on appeal, the sufficiency of the evidence supporting the trial court's order to pay a jail booking fee similar to the one at issue here. (See Gov. Code, § 29550.2, subd. (a) [judgment must contain an order for convicted person to pay booking fee "[i]f the person has the ability to pay"].) As the court explained, "because a court's imposition of a booking fee is confined to factual determinations, a defendant who fails to challenge the sufficiency of the evidence at the proceeding when the fee is imposed may not raise the challenge on appeal." (*McCullough*, at p. 597.)

Appellant now concedes that, in light of *McCullough*, she has forfeited her booking fee claim due to failure to object in the trial court.[3] She does argue, however, that she still is entitled to challenge the sufficiency of the evidence to impose the drug program fee because the *McCullough* court did not address whether failure to object to imposition of that fee in the trial court forfeits the issue on appeal. (See § 11327.7, subd. (b).)

Appellant further asserts that the forfeiture issue is controlled, not by *McCullough*, but by *People v. Butler* (2003) 31 Cal.4th 1119, 1125 (*Butler*), in which the trial court ordered HIV testing, under Penal Code section 1202.1, as a condition of probation, but did not make an express finding of probable cause, which the statute required. Our Supreme Court found that, even though such a testing order is based partly on a factual finding, "because the terms of the statute condition imposition on the existence of probable cause, the appellate court can sustain the order only if it finds evidentiary support, which it can do simply from examining the record." (*Butler*, at p. 1127.) Hence, because the question was primarily one of law, the forfeiture rule did not apply to a challenge to the HIV testing order. (*Ibid*.)[4]

---

[3] Appellant nevertheless asks us to address the booking fee issue because we must address the question of her ability to pay with respect to the drug program fee in any case. (See text, *post*, for a discussion of appellant's right to challenge the drug program fee on appeal.) Appellant acknowledges that, unlike Government Code section 29550.2, the statute addressed in *McCullough*, Government Code section 29550 contains no explicit ability to pay provision except for defendants who are placed on probation. (See § 29550, subd. (d)(2).) Given that appellant has forfeited this issue on appeal, we need not address whether section 29550, subdivision (c), contains an implicit ability to pay requirement, in light of what appellant describes as "[c]omplicated legislative intent and equal protection questions [that] permeate the issue of reconciling" several similar Government Code sections related to imposition booking fees.

[4] In *McCullough*, *supra*, 56 Cal.4th 589, 596, the court distinguished *Butler*, explaining that, unlike the HIV testing order at issue there, imposition of a booking fee does not raise "similar statutory or constitutional concerns." Appellant maintains that, like the HIV testing requirement in *Butler*, a challenge to the drug program fee is not forfeited due to a failure to object because "[a]pplication of the general forfeiture rule to the ability-to-pay determination for a drug program fee would conflict with [the]

4

We do not agree with appellant that this case is controlled by *Butler*. Instead, we find that, as with the booking fee in *McCullough*, the court's imposition of the drug program fee here did not require resolution of a question of law but, instead, was "confined to factual determinations." (*McCullough*, *supra*, 56 Cal.4th at p. 597.)

This conclusion does not, however, end the discussion. As appellant acknowledges, *McCullough* did not resolve whether imposition of fees other than the booking fee at issue there may be challenged on appeal despite a failure to object in the trial court. The court in *McCullough* twice refers to section 11372.7. First, after holding the booking fee challenge forfeited, it cited, with apparent approval, *People v. Martinez* (1998) 65 Cal.App.4th 1511, 1517, including the following parenthetical description: "[analyzing Health & Saf. Code, § 11372.7, subd. (b), and concluding challenge to the court's order forfeited largely because 'factual issues come into play in determining whether a defendant has the ability to pay' the otherwise mandatory drug program fee]." (*McCullough*, *supra*, 56 Cal.4th at p. 597.)

The *McCullough* court again referred to section 11372.7 during its review of "other statutes where the Legislature has similarly required a court to determine if a defendant is able to pay a fee before the court may impose it" to support its conclusion that a challenge to the sufficiency of the evidence of a booking fee is forfeited by a failure to object. (*McCullough*, *supra*, 56 Cal.4th at pp. 598–599.) The court stated: "In contrast to the booking fee statutes, many of these other statutes provide procedural requirements or guidelines for the ability-to-pay determination. Certain fee payment statutes require defendants to be apprised of their right to a hearing on ability to pay and afford them other procedural safeguards. (See, e.g., Pen. Code, §§ 987.8, 1203.1b [payment of cost of probation supervision].) Additionally, Government Code section 27755 lists extensive 'procedural rights' that must attend 'any hearing required by law to determine a person's ability to pay court-related costs.' (*Id*., § 27755, subd. (a);

---

legislative intent [¶] . . . to avoid [adding] additional financial burdens to the challenges faced by a recovering addict."

5

see Welf. & Inst. Code, § 903.45, subd. (b) [listing qualifying court-related costs].)" (*McCullough*, at p. 598.)

The court then listed "[o]ther fee payment statutes [that] merely identify factors a court should consider in deciding whether to impose fees. In many of these instances, the Legislature has articulated a fairly uniform set of factors that affect a defendant's ability to pay the fees in question: the defendant's present financial position; his or her reasonably likely future financial position; and fines and fees already imposed. (See, e.g., Pen. Code, §§ 1208.2 [work furlough and electronic home detention program participant fees], 3006 [parolee's payment of certain treatment costs associated with parole terms], 646.94 [parolee's payment of costs associated with specialized parole supervision program]; see also Pen. Code, § 987.8, subd. (g)(2)(A)–(D) [articulating similar factors for courts to consider at a noticed hearing on whether a defendant should pay all or part of the cost of court-appointed counsel].) *Even Health and Safety Code section 11372.7,* which mandates that individuals convicted under the California Uniform Controlled Substances Act (Health & Saf. Code, § 11000 et seq.) pay a drug program fee '[i]f the court determines the person has the ability to pay,' *provides more guidance to courts in imposing fees than does Government Code section 29550.2*: a court shall impose a drug program fee if it 'is reasonable and compatible with the person's financial ability,' including the financial impact of 'any fine imposed upon that person and any amount that person has been ordered to pay in restitution.' (Health & Saf. Code, § 11372.7, subd. (b).)" (*McCullough*, *supra*, 56 Cal.4th at pp. 598–599, italics added.)

Finally, the court stated: "We note these statutes because they indicate that the Legislature considers the financial burden of the booking fee to be de minimis and has interposed no procedural safeguards or guidelines for its imposition. In this context, the rationale for forfeiture is particularly strong. [Citations.]" (*McCullough*, *supra*, 56 Cal.4th at p. 599.)

The *McCullough* court's two references to section 11372.7—the first with apparent approval and the second intended to contrast that section with the booking fee at issue there—leave us without a definitive answer to whether the forfeiture rule

6

enunciated in *McCullough* is applicable the drug program fee at issue in this case. Nonetheless, based on the court's analysis, we believe that, for purposes of the forfeiture rule, the drug program fee described in section 11372.7 falls closer on the continuum to a booking fee than to other fee statutes discussed in *McCullough* that mandate a hearing and other procedural safeguards before a court may order a defendant to pay the fee. (See *McCullough*, *supra*, 56 Cal.4th at p. 598.)  Hence, we conclude the Supreme Court's reasoning applies to the drug program fee imposed here, and appellant's sufficiency of the evidence claim is forfeited due to her failure to object in the trial court.

## II. *Ineffective Assistance of Counsel*

Appellant next contends that, if she forfeited her challenge to the sufficiency of the evidence of her ability to pay the booking and drug program fees on appeal due to counsel's failure to object in the trial court, she received ineffective assistance of counsel.

To prove ineffective assistance of counsel, a defendant must show that "counsel's representation fell below an objective standard of reasonableness [¶] . . . under prevailing professional norms." (*Strickland v. Washington* (1984) 466 U.S. 668, 688 (*Strickland)*; accord, *People v. Ledesma* (2006) 39 Cal.4th 641, 745–746.)  In addition, the defendant must affirmatively establish prejudice by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Strickland*, at p. 694; *People v. Ledesma*, at p. 746.)

" ' "[If] the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected.' [Citations.]  A claim of ineffective assistance in such a case is more appropriately decided in a habeas corpus proceeding.  [Citations.]" (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266–267.)

We first address appellant's ineffective assistance of counsel claim as to the drug program fee.  Section 11372.7, subdivision (b), required the trial court to determine whether appellant had the ability to pay the drug program fee before it could "set the

7

amount to be paid . . . in a manner that the court believe[d was] reasonable and compatible with [appellant's] financial ability." In making its determination, the court was required to take into account the amount of any other fines imposed upon her and any amount she had been ordered to pay in restitution. (See § 11372.7, subd. (b).)

The record reflects that, at sentencing, the trial court ordered appellant to pay the following amounts in Case No. CR92700: a restitution fine of $600 (Pen. Code, § 1202.4, subd. (b)); a lab fee of $50 plus a penalty assessment of $150 (§ 11372.5); a court operations assessment of $40 (Pen. Code, § 1465.8); a criminal conviction assessment of $40 (Gov. Code, § 70373); and a booking fee of $30 (Gov. Code, § 29550, subd. (c)), in addition to the drug program fee of $150, with its penalty assessment of $450 (§ 11372.7). In Case No. CR929872, the court ordered appellant to pay a restitution fine of $240 (Pen. Code, § 1202.4, subd. (b)); a court operations assessment of $40 (Pen. Code, § 1465.8); a criminal conviction assessment of $40 (Gov. Code, § 70373); and a booking fee of $30 (Gov. Code, § 29550, subd. (c)). The total amount of the fines and fees imposed, beyond the $600 drug program fee and penalty assessment, was $1,260. The trial court was required to consider this amount in determining whether to impose the drug program fee. (See § 11372.7, subd. (b).)

As to appellant's financial resources, which the trial court was also required to consider (see § 11372.7, subd. (b)), the probation report reflects that appellant, who was 40 years old, had received a GED in 1989 and had last been employed in 2008. She had no current income source and relied on loans from her father to make ends meet. She also had a vehicle worth $1,500. She had a nine-month-old baby and was three months pregnant with another child. [5] At the sentencing hearing, the court discussed appellant's circumstances, noting "that there are some serious potential problems with the child that she's now bearing and she's going to need some medical help to deal with those

---

[5] The probation report is ambiguous regarding whether the probation officer recommended that the court impose fees. Although the probation officer recommended imposition of each fee in one part of the report, he subsequently recommended that no fees be imposed.

8

problems that the child may have . . . probably before birth and after birth for some period of time. [¶] I'm also looking at somebody who has had a long term problem with drugs, and long term I mean many, many years." The court further observed that appellant had suffered five prior felony convictions, all of which appeared to be related in some way to her addiction to drugs.

At the conclusion of the sentencing hearing, the court imposed, inter alia, the $150 drug program fee and the $450 penalty assessment without any discussion of appellant's ability to pay. Neither the prosecution nor defense counsel addressed the ability to pay question either.

Even assuming the trial court understood and exercised its discretion to determine appellant's ability to pay the drug program fee and penalty assessment, in addition to the many other fines and fees also imposed (see *People v. Coleman* (2013) 218 Cal.App.4th 353, 363 (*Coleman*) [trial court "is not required to make an express finding of ability to pay the drug program fee"]; *People v. Mosley* (1997) 53 Cal.App.4th 489, 496 ["trial court is presumed to have been aware of and followed the applicable law"]), we conclude that defense counsel was ineffective for failing to object to imposition of the fee on the ground that there was nothing in the record to support a finding that appellant had an ability to pay. (See § 11372.7, subd. (b); cf. *Coleman*, at pp. 353, 363–364 [after finding that trial court had improperly delegated ability to pay question to probation department, Division Five of this District found insufficient evidence to support an implied finding by trial court that defendant had ability to pay drug program fee, where probation report did not recommend payment of fee and defendant had no assets, suffered from numerous health problems, and had no employment prospects].)

First, in the particular circumstances of this case, there " ' "simply could be no satisfactory explanation" ' " for counsel's silence. (*Mendoza Tello*, *supra*, 15 Cal.4th at p. 266.) Appellant was a long-term drug addict and felon with no income and minimal assets, who, when she was sentenced to three years, eight months in prison, already had one baby and was pregnant with another child who had serious medical issues.

9

Respondent blithely asserts that counsel might not have objected because he found it likely that appellant had the ability pay these "relatively modest" fees "based on wages earned in prison. Or, defense counsel may have known facts outside the record that would have supported an ability-to-pay finding." Given appellant's extremely challenging circumstances, as set forth *ante*, we do not believe counsel could have reasonably assumed that she had the ability to pay the not insignificant amount of $600, in addition to the many other required fines and fees, through prison work or other unknown income sources not reflected in the record.

Because we are unable to discern any tactical reason for counsel's failure to object to imposition of the drug program fee, appellant has satisfied the first requirement for demonstrating ineffective assistance of counsel: that "counsel's representation fell below an objective standard of reasonableness [¶] . . . under prevailing professional norms." (*Strickland*, *supra*, 466 U.S. at p. 688.)

Second, as to prejudice, we conclude, in light of the dearth of evidence in the record regarding appellant's ability to pay, there is a reasonable probability that, had counsel objected to imposition of the drug program fee on that ground, the court would have found appellant unable to pay the fee and would not have imposed it. (See *Strickland*, *supra*, 466 U.S. at p. 694.)

Accordingly, because appellant has demonstrated ineffective assistance of counsel, the drug program fee must be reversed and the matter remanded to the trial court. (Cf. *Coleman*, *supra*, 218 Cal.App.4th at p. 364 [remanding to trial court for hearing on ability to pay]; *People v. Corrales* (2013) 213 Cal.App.4th 696, 702 [same].)

Regarding the booking fees, even assuming subdivision (c) of Government Code section 29550 contains an implicit ability to pay requirement (compare Gov. Code, §§ 29550, subd. (d)(2) & 29550.2, subd. (a)), we do not believe that defense counsel was ineffective for failing to object to the two $30 booking fees imposed under that section, given the relatively small amount of those fees. Nonetheless, upon remand, the trial court may also reconsider whether imposition of those fees is appropriate in light of all of the circumstances.

## *DISPOSITION*

The section 11372.7 drug program fee is reversed. The case is remanded to the trial court for a determination of appellant's ability to pay the drug program fee, together with the penalty, in light of appellant's financial circumstances and obligations. In all other respects, the judgment is affirmed.

_____
Kline, P.J.

We concur:

_____
Haerle, J.

_____
Richman, J.

11