Filed 3/9/15  P. v. Cook CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| THE PEOPLE, | C075667 |
| Plaintiff and Respondent, | (Super. Ct. No. T100554F) |
| v. | |
| ADAM WAYNE COOK, | |
| Defendant and Appellant. | |

Following a jury trial, defendant Adam Wayne Cook was convicted of six counts of assault by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1))[1] and two counts of criminal threats (§ 422), with an enhancement for personal use of a deadly weapon (§ 12022, subd. (b)(1)).  Defendant admitted three prior prison term allegations (§ 667.5, subd. (b)), and the trial court sentenced him to 11 years four months in state prison.

---

[1] Undesignated statutory references are to the Penal Code.

1

Defendant appealed his conviction. Finding numerous sentencing errors, we reversed the sentence and remanded the case for resentencing.

On remand, the trial court sentenced defendant to 10 years in state prison.

Defendant appeals, contending the trial court in fact sentenced him to a nine-year term and then later modified the term to 10 years outside his presence, a violation of his right to be present at sentencing. We affirm.

## BACKGROUND

### The Crimes

On a camping trip, defendant attacked his female companion and another couple with a hatchet. When the three tried to escape in a truck, defendant followed in his truck and repeatedly rammed the victims' truck. Defendant threatened to kill two of the three victims during the attacks.

### Resentencing

At the resentencing hearing, the trial court set the assault count in count I as the principal term and imposed the midterm of 36 months. On count II, criminal threats to the victim in count I, the court imposed a 24-month midterm, stayed pursuant to section 654. For count III, another assault count, the trial court stated, "it's a separate victim, so it's concurrent time. We go with one-third the midterm there, which is an additional 12 months consecutive to the 36-month principal term." Defense counsel asked, "That's 12 months consecutive, your Honor?" The trial court replied, "It is."

The trial court then went to count IV and said, "assault with a hatchet, different victim. Again, this would be a concurrent sentence because of the different victim. We select the midterm, take one-third of the midterm, that's 12 months concurrent to the 36-month principal and the 12-month consecutive on Count [III]." For count V, criminal threats with the personal use of a deadly weapon, the trial court imposed the 24-month midterm for the crime and 12 months for the enhancement, and stayed the sentence pursuant to section 654.

2

For count VI, assault with a vehicle, the trial court imposed another consecutive 12-month term as the offense involved the same victim as in count I but a different instrumentality, a car. For count VII, vehicular assault against another victim, the court imposed a concurrent 24-month low term. The last count, count VIII, the third vehicular assault count, the court imposed a consecutive 12-month term. Finally, the court imposed three consecutive 12-month terms for the prior prison term enhancements, for a total state prison term of 10 years.

Seven days after the resentencing hearing, the clerk's notes stated that when preparing the minute order, "the clerk noticed that the individual time imposed on each count did not add up to the aggregate time of 10 years imposed by the court," and submitted the reporter's transcript of the resentencing hearing to the trial court for consideration. The trial court then clarified "its intent to impose sentence on count [IV] to be served consecutively – not concurrently, as initially ordered – to all other counts." Neither defendant nor defense counsel or the prosecutor was present at the clarification. The note also stated that the minute order and abstract of judgment would be "prepared accordingly." Both the minute order and the abstract show a consecutive one-year term on count IV and a total sentence of 10 years.

## DISCUSSION

Defendant claims the trial court's order clarifying that his term in count IV was consecutive rather than concurrent violated his state and federal right to be present at sentencing.

The United States Constitution requires that the defendant be personally present at those stages of trial from which his absence may diminish the fairness of the proceedings. (*Faretta v. California* (1975) 422 U.S. 806, 819, fn. 15 [45 L.Ed.2d 562, 572-573].) The California Constitution also provides a defendant in a criminal action with the right "to be personally present with counsel . . . ." (Cal. Const., art. I, § 15.) Section 977 likewise

guarantees a defendant's right to be present at sentencing absent a written waiver. (§ 977, subd. (b)(1).)

Defendant claims the trial court imposed a concurrent term at the resentencing hearing and then changed this sentence when it made the ex parte clarification that the term was consecutive rather than concurrent. Since the change was not made in his presence, defendant asks us to strike the consecutive one-year term and either correct the sentence to the nine-year term originally imposed by the court at resentencing or remand for another resentencing hearing.

The problem with defendant's contention is that the trial court imposed a consecutive rather than a concurrent term on count IV at the resentencing hearing. Defendant was convicted of assaulting his three victims with a hatchet in counts I, III, and IV. After selecting count I as the principal term, the trial court imposed a sentence of 12 months, or one-third the midterm, for the assault conviction in count III because it involved a different victim. The trial court stated, "it's a separate victim, so it's concurrent time," and that the term was "an additional 12 months consecutive to the 36-month principal term." When asked to clarify, it said the term for count III was consecutive.

As with the count III sentence, the court noted for count IV that it also involved a different victim. The court then imposed another sentence of one-third the middle term, or 12 months, but said the term was concurrent. The court was not asked to clarify the sentence and continued with the rest of the sentencing.

Defendant's contention makes sense only if we view the trial court's reference to a concurrent term out of context. Looking at the entire pronouncement of sentence, the trial court intended to impose consecutive sentences for each of the three assault with a hatchet counts as they all involved separate victims. The trial court's reference to a concurrent term in count IV is no more than a simple misstatement of the consecutive term it intended to impose. This is consistent with the sentence pronounced for the

4

assault with a hatchet count conviction in count III, where the court referred to both concurrent and consecutive sentencing and then clarified it was a consecutive term.

Our conclusion is further supported by the fact that a concurrent one-third the middle term sentence is unauthorized. "Because concurrent terms are not part of the principal and subordinate term computation under section 1170.1, subdivision (a), they are imposed at the full base term, not according to the one-third middle term formula, even though they are served at the same time. . . . Such an unauthorized sentence is subject to correction on review. [Citation.]" (*People v. Quintero* (2006) 135 Cal.App.4th 1152, 1156, fn. 3.) We presume the trial court understood and followed the law. (*People v. Mosley* (1997) 53 Cal.App.4th 489, 496.) Finding the trial court misspoke when it said concurrent rather than consecutive term is most consistent with this principal.

Further support for this interpretation is found in the trial court's statement at resentencing that it was imposing a 10-year term. Other than count IV, the trial court imposed a nine-year term: three years for count I, and consecutive one-year terms for counts III, VI, and VIII, along with three years total for the three prison priors. Having the count for the 12-month term imposed consecutively is thus consistent with the sentence the trial court believed it was imposing.

Generally, when " 'the record is in conflict it will be harmonized if possible; but where this is not possible that part of the record will prevail, which, because of its origin and nature or otherwise, is entitled to greater credence [citation].' " (*People v. Smith* (1983) 33 Cal.3d 596, 599.) The trial court's pronouncement regarding count IV is harmonized by looking at the entire pronouncement of sentence. Doing so, we conclude the trial court imposed a consecutive term for count IV, and the reference to a concurrent term was a mere misstatement.

Since defendant was sentenced to a consecutive 12-month term for count IV at the resentencing hearing, the trial court did not modify or change the sentence when it made

the ex parte clarification.  Accordingly, we conclude that this was not a critical stage of the proceedings, and therefore defendant had no right to be present.

**DISPOSITION**

The judgment is affirmed.


                                                     RAYE       , P. J.


We concur:



       HULL       , J.



       MAURO       , J.