Filed 5/24/21  In re I.F. CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re I.F., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　　　v.<br><br>I.F.,<br><br>　　　Defendant and Appellant. | F081495<br><br>(Super. Ct. No. JJD070882)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Tulare County.  Gary L. Paden, Judge.

Candice L. Christensen, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Ward A. Campbell, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]　　　Before Peña, Acting P.J., Meehan, J. and DeSantos, J.

Minor, I.F., appeals from a disposition order continuing him as a ward of the juvenile court and committing him to the Department of Corrections and Rehabilitation, Division of Juvenile Facilities (DJF).[1]  On appeal, he argues that (1) the matter must be remanded for the trial court to exercise its discretion to strike the firearm enhancement, and (2) the juvenile court failed to award him 14 days of precommitment custody credit to which he was entitled.  The People disagree with minor's first contention but agree with his second contention.  We modify the disposition order to reflect 148 days of precommitment custody credit instead of 134 days, and direct the trial court to correct the Judicial Council form JV-732 to reflect the modification.  As modified, we affirm.

## PROCEDURAL SUMMARY

### Prior Petitions

On January 16, 2018, the Tulare County District Attorney filed an amended wardship petition (Welf. & Inst. Code, § 602, subd. (a)) (the first petition), alleging minor committed grand theft (Pen. Code, § 487;[2] count 1), resisting a peace officer (§ 148, subd. (a)(1); count 2), and receiving stolen property (§ 496, subd. (a); count 3).

On January 24, 2018, minor admitted the truth of counts 2 and 3 in exchange for dismissal of count 1.

On February 20, 2018, minor was granted a deferred entry of judgment.  On July 26, 2018, minor was found to have been in noncompliance with the terms of the deferred entry of judgment.

---

[1]     In 2005, the powers of the Department of the Youth Authority (or California Youth Authority, or CYA) were transferred to DJF.  (Gov. Code, § 12838.5; Welf. & Inst. Code, § 1710.)  DJF is part of the Department of Corrections and Rehabilitation, Division of Juvenile Justice (DJJ).  (*In re D.J.* (2010) 185 Cal.App.4th 278, 280, fn. 1.)  The record below refers to the authority to which minor was committed as both DJF and DJJ.  For consistency, we will refer to the authority as the DJF.

[2]     All further statutory references are to the Penal Code unless otherwise stated.

2.

On August 9, 2018, the juvenile court adjudged minor a ward of the court and placed him on probation.

On February 8, 2019, a petition was filed alleging minor violated probation (Welf. & Inst. Code, § 777) (first violation of probation petition).

On April 25, 2019, the Tulare County District Attorney filed a subsequent wardship petition (Welf. & Inst. Code, § 602, subd. (a)) (the second petition), alleging minor committed attempted second degree burglary (§§ 459, 664; count 1), misdemeanor receiving stolen property (§ 496, subd. (a); count 2), and misdemeanor theft of identifying information (§ 530.5, subd. (c)(1); count 3). On May 14, 2019, the petition was amended to also charge the crime of resisting arrest (§ 148, subd. (a); count 4).

On May 14, 2019, minor admitted count 4 of the second petition and admitted the violation alleged in the first violation of probation petition. Counts 1, 2 and 3 of the second petition were dismissed.

On May 28, 2019, minor was continued as a ward of the court and reinstated on probation.

On July 5, 2019, a subsequent petition was filed alleging minor violated probation (Welf. & Inst. Code, § 777) (second violation of probation petition). On July 9, 2019, minor admitted the violation alleged in the second violation of probation petition.

On July 23, 2019, minor was continued as a ward of the court and reinstated on probation.

On October 17, 2019, a subsequent petition was filed alleging minor violated probation (Welf. & Inst. Code, § 777) (third violation of probation petition). On May 21, 2020,[3] minor admitted the violation alleged in the third violation of probation petition.

---

**3**      All further dates refer to the year 2020 unless otherwise stated.

**Current Petition**

On June 12, the Tulare County District Attorney filed a subsequent amended wardship petition (Welf. & Inst. Code, § 602, subd. (a)) (the third petition), alleging minor committed a shooting at an inhabited dwelling (§ 246; count 1) and assault with a firearm on a peace officer (§ 245, subd. (d)(3); count 2). The petition alleged as to count 1 that minor personally and intentionally discharged a firearm during the commission of a gang-related offense (§ 12022.53, subds. (c), (e)(1)), personally used a firearm (§ 12022.53, subds. (b), (e)(1)), and committed the offense to benefit a criminal street gang (§ 186.22, subd. (b)(1)(C)). The petition further alleged as to count 2 that minor personally used a firearm (§§ 1203.06, subd. (a)(1), 12022.5, subd. (a)(1)).

On June 15, minor admitted the allegations of the third petition.

On July 13, the juvenile court continued minor as a ward of the court and committed him to DJF for a term not to exceed 22 years to life plus 34 years four months. That term included a 20-year firearm enhancement pursuant to section 12022.53, subdivision (e)(1). Minor was awarded 134 days of precommitment custody credit.

On July 28, minor filed a notice of appeal.

## FACTUAL SUMMARY

**Count 1 of the Current Petition**

On May 18, at approximately 7:00 p.m., while riding in the passenger seat of a vehicle, minor fired 10 shots at a residence. Minor posted a video of the shooting on a social media site with a caption regarding rival gang members.

On the same date and at the same time, D.D. was in the backyard of her home with two of her grandchildren when she heard loud bangs and saw flashes from the street in front of her home. D.D. felt a pounding and burning sensation on her right shin. She looked at her shin and saw that she was bleeding from a gunshot graze.

**Count 2 of the Current Petition**

On May 29, an officer reviewed videos obtained from minor's cell phone. One of those videos depicted minor pointing a firearm with a visible fully automatic modification and an extended magazine at a law enforcement officer.

**DISCUSSION**

**A. Firearm Enhancement**

Minor contends the juvenile "court was apparently unaware of its discretion to strike the [firearm] enhancement under section 12022.53, subdivision (h)." For that proposition, he notes that the record is silent regarding the court's discretion to strike the enhancement. He argues that because the record is silent and because the court had relatively recently been granted the discretion to strike the enhancement, the court must have failed to exercise informed discretion. We disagree.

On October 11, 2017, the Governor signed Senate Bill No. 620 (Senate Bill 620), which became effective on January 1, 2018 (2017–2018 Reg. Sess.; Stats. 2017, ch. 682, §§ 1, 2), amending sections 12022.5 and 12022.53 to grant trial courts the discretion to strike firearm enhancements in the interest of justice.[4]

Minors are entitled to disposition " 'decisions made in the exercise of the "informed discretion" of the [juvenile] court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose [disposition] is or may have been based on misinformation regarding a material aspect of a [minor's] record.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) If the juvenile court was unaware of its discretion to strike the firearm enhancement, the appropriate remedy would be to remand the matter to the court for informed exercise of discretion unless "the record 'clearly indicate[s]' that the … court

---

[4]    Section 12022.53, subdivision (h), was modified to read: "The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section."

would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*Ibid.*)

Generally, when the record is silent regarding a court's exercise of discretion, we presume the court was aware of and correctly applied the law. (Evid. Code, § 664; *People v. Gutierrez* (2009) 174 Cal.App.4th 515, 527; *People v. Mosley* (1997) 53 Cal.App.4th 489, 496.) Minor relies upon *People v. Morrison* (2019) 34 Cal.App.5th 217 (*Morrison*) for the proposition that when the record is silent regarding newly granted discretion the presumption may not apply. This matter is distinguishable from *Morrison*. In *Morrison*, the trial court imposed a sentence that included a 25-years-to-life firearm enhancement (§ 12022.53, subd. (d)) in 2017. The sentence was recalled and on February 8, 2018, the trial court declined to strike the 25-year enhancement and reimposed the same sentence. (*Morrison*, at p. 220.) The defendant argued on appeal that the trial court did not understand it had the discretion to strike the 25-year enhancement and impose a " 'lesser included' " firearm enhancement (§ 12022.53, subds. (b) [10 years], (c) [20 years]). (*Morrison*, at p. 221.) While the *Morrison* court made clear that a trial court is permitted to substitute a " 'lesser included' " firearm enhancement (even if not separately alleged and proved), it also made clear that "[a]t the time of resentencing, no published case" had reached that conclusion. (*Id.* at pp. 222–224.) Because "[t]he amendment to section 12022.53 was new," the issue was unsettled at the time of the resentencing, and because the record was silent regarding whether the court believed it had the discretion to impose a lesser included firearm enhancement, the *Morrison* court remanded the matter for the trial court's exercise of discretion. (*Morrison*, at p. 224.)

Here, minor's disposition hearing occurred two- and one-half years after the effective date of Senate Bill 620—it was not a recent enactment. Further, the court's discretion to strike the section 12022.53, subdivision (c) enhancement (or to impose a lesser included enhancement) was not subject to dispute on the date of the disposition

6.

hearing. As the *Morrison* court noted, "after the publication of [*Morrison*], the usual presumption that a sentencing court correctly applied the law will apply and will ordinarily prevent remand where the record is silent as to the scope of a court's discretion" to impose lesser included firearm enhancements. (*Morrison*, *supra*, 34 Cal.App.5th at p. 225.) The disposition hearing was held more than a year after *Morrison* was decided. At that time, the court's discretion to strike the firearm enhancement was established and the presumption that the court understood and correctly applied the law applies. On the silent record, we find no abuse of discretion.

### B. Precommitment Custody Credit

The parties agree, as do we, that the juvenile court did not correctly award minor precommitment custody credits.

"Courts may correct computational and clerical errors at any time. [Citation.] Unauthorized sentences and ' " 'obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings' " ' are correctable at any time." (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1085.)

The probation officer calculated precommitment custody credits at 134 days with the understanding that the disposition hearing would be held on June 29. On June 29, the court continued the disposition hearing for 14 days to July 13. Minor remained in custody for those additional 14 days. On July 13, the court awarded minor 134 days of precommitment custody credit. It should have awarded 148 days. We modify the disposition to award 148 days of precommitment custody credit.

### DISPOSITION

The disposition is modified to award minor 148 days of precommitment custody credit. The juvenile court is directed to prepare an amended Judicial Council form JV-732 and forward a copy of the amended form to the relevant entities. As modified, the order is affirmed.