Filed 9/29/22  P. v. G.A. CA1/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JUAN G.A.,<br><br>        Defendant and Appellant. | A162897<br><br>(Mendocino County Super. Ct. No. MCUK-CRCR-10-10581-002) |

### MEMORANDUM OPINION[1]

Juan G.A.[2] appeals from an order extending his commitment under Welfare and Institutions Code section 6500 et seq.,[3] which permits the involuntary commitment of persons who have a developmental disability and pose a danger to themselves or others.  (§§ 6500, subd. (b)(1), 6509, subd. (a).) He contends (1) the trial court wrongly based its finding of dangerousness on

---

[1]     We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1, insofar as there is no substantial issue of law or fact with regard to whether this appeal is moot, which is the basis for our disposition in this matter.

[2]     Pursuant to the California Rules of Court, rule 8.90, governing "Privacy in opinions," we will refer to defendant by his first name and last initials.

[3]     All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

1

criminal charges from his 2001 and 2010 cases; (2) the court improperly admitted case-specific hearsay in violation of *People v. Sanchez* (2016) 63 Cal.4th 665 (*Sanchez*); (3) the court improperly considered hearsay in judicially noticed documents; and (4) cumulative prejudice warrants reversal. The People argue the appeal should be dismissed as moot because the order extending the commitment in this case has expired. We agree with the People that the appeal is moot.

"Commitments under section 6500 are for a one-year period. Where the appellate decision is rendered beyond that period, the appeal is technically moot." (*People v. Quinn* (2001) 86 Cal.App.4th 1290, 1293; § 6500, subd. (b)(1)(A)–(B).) Here, the commitment extension order appealed from expired on August 25, 2021, over a year ago. Hence, this appeal is moot.

Juan G.A. urges this court to consider the merits of this appeal, because there is a likelihood that a similar controversy between the parties will recur. (*Bullis Charter School v. Los Altos School Dist.* (2011) 200 Cal.App.4th 1022, 1034.) But, in this particular case, given the length of time since the expiration of the commitment order at issue, and our inability to provide any meaningful relief to Juan G.A., we decline to do so.

Though we could end here, we take this opportunity to offer some guidance to the parties and the trial court, as well as to flag an issue, in the event of future commitment proceedings.

First, section 6500 specifically contemplates that the filing of certain criminal charges against a defendant is relevant to the determination of whether that person is dangerous. While a finding of dangerousness cannot be based on criminal charges alone, and the statute implicitly requires evidence of current dangerousness (*In re O.P.* (2012) 207 Cal.App.4th 924,

2

934), the record here does not suggest the court's finding of dangerousness was based solely on the earlier criminal charges.

Second, Juan G.A. contends the trial court violated *Sanchez* and his federal due process rights to cross-examination by admitting Dr. Kastl's testimony regarding purported case-specific hearsay. But it is well established that a trial court's orders are presumed correct, and error must be affirmatively shown. (*People v. Mosley* (1997) 53 Cal.App.4th 489, 496; *Corenevsky v. Superior Court* (1984) 36 Cal.3d 307, 321; *People v. Presley* (2021) 65 Cal.App.5th 1131, 1142–1143.) In this case, the written commitment order issued by the trial court explicitly stated it was "[b]ased on competent evidence . . . , including the sworn testimony of Dr. Albert Kastl, the contents of the [c]ourt file, and briefs submitted by the parties." (Capitalization omitted.) The court did not provide, and the parties did not press for, specific evidentiary rulings concerning the alleged hearsay at issue. We mention this to stress the importance of making clear, specific, and timely objections and obtaining evidentiary rulings if an appeal based on those rulings is contemplated. (Evid. Code, § 353.) Likewise, rulings on properly presented evidentiary objections are important for a meaningful review of evidentiary issues raised on appeal.

Finally, we note the following unresolved issue that was not briefed in this appeal. As part of the process for determining the appropriate placement for a person proposed for commitment, section 6504.5 requires that the director or designee of a "regional center for the developmentally disabled" examine the person and prepare a written report with an evaluation and recommendation regarding appropriate placement. In turn, section 6509, subdivision (b)(1), requires the trial court to consider the

3

reports prepared pursuant to section 6504.5.[4]  By requiring the trial court to consider such reports in assessing potential placement, section 6509 arguably contemplates the propriety of considering the types of information that typically support the evaluations these reports call for, regardless of hearsay concerns.  (Compare with *Walker v. Superior Court* (2021) 12 Cal.5th 177, 195 [no hearsay exception where section 6602, subdivision (a) required simply that the trial court " 'shall review the petition and shall determine whether there is probable cause' "].)  We take no position on this issue, but flag it here for another day.

## DISPOSITION

The appeal is dismissed as moot.

_____
Fujisaki, J.

WE CONCUR:

_____
Tucher, P.J.

_____
Petrou, J.

*People v. Juan G.A.* (A162897)

---

[4]  The record here reflects that the trial court ordered Dr. Kastl to examine Juan G.A. and provide the section 6504.5 evaluation and written report, and that Dr. Kastl did as ordered and filed his report with the court prior to the hearing.  Dr. Kastl's written report was not provided as part of the appellate record.