Filed 4/10/23 P. v. Garcia CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>HENRY GARCIA,<br><br>    Defendant and Appellant. | G061198<br><br>(Super. Ct. No. 18CF1869)<br><br>ORDER MODIFYING OPINION; NO CHANGE IN JUDGMENT |

This court hereby orders that the opinion filed on March 17, 2023, be modified as follows:

1.      Throughout the opinion, beginning on page two, where the name Vincente F. is used, delete and replace with the name Vicente F.

This modification does not change the judgment.


                                        MOORE, J.

WE CONCUR:


O'LEARY, P. J.


MOTOIKE, J.

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>HENRY GARCIA,<br><br>    Defendant and Appellant. | G061198<br><br>(Super. Ct. No. 18CF1869)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Michael A. Leversen, Judge. Reversed and remanded.

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and Tami Falkenstein Hennick, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

After a jury found Henry Garcia guilty of committing a carjacking when he was 24 years old, the trial court sentenced him to the middle term of 5 years. On appeal, Garcia argues the court failed to apply Penal Code section 1170, subdivision (b)(6), which went into effect shortly before his sentencing hearing.[1] Among other things, section 1170, subdivision (b)(6), requires trial courts to sentence youth offenders, such as Garcia, to the lower term unless the aggravating circumstances of the offense sufficiently outweigh the mitigating circumstances – here, Garcia's age along with potential trauma he suffered as a child. We find the trial court failed to apply this subdivision when sentencing Garcia. Thus, we reverse his sentence and remand this matter to the trial court for resentencing.

# I

## FACTS AND PROCEDURAL HISTORY

In June 2020, the prosecution filed a two-count information against Garcia and codefendant Raymond Ray Romeroalcala[2] relating to an incident that occurred on July 2, 2018. The information charged them with one count of kidnapping during the commission of a carjacking (§ 209.5, subd. (a)), and one count of carjacking (§ 215, subd. (a)).

The evidence at trial showed that on July 2, 2018, Vincente F. parked his van behind a store to collect cardboard and other recyclables. His wife, Maria Q., who is blind, was sleeping in the passenger seat. When Vincente F. got out of the van, he left his keys in the ignition and opened the rear passenger door to load the cardboard through it. Three men approached him while he was collecting cardboard. One of the men fought

---

[1] All further undesignated statutory references are to the Penal Code.

[2] Within the record codefendant's name appears as Raymond Ray Romeroalcala and Raymond Romero Alcala. We will refer to codefendant as Raymond Ray Romeroalcala as listed on the information.

with Vincente F. to prevent him from getting into the van. Another got into the van and started the engine. The third man also went straight to the van. The man fighting with Vincente F. eventually jumped into the van, and the three men drove away with Maria Q. still inside. Vincente F. began yelling for help. A group of bystanders called the police and began following the van in their own vehicle.

Meanwhile, Maria Q. heard a commotion but thought it was her husband returning to the van. When the van sped off she began yelling and was told by one of the men to "shut up" or "they would kill [her]." Maria Q. eventually heard a helicopter circling the van from above, which prompted one of the men in the van to say, "'drive faster. We're being followed.'"

The bystanders continued following the van until it stopped near some apartment complexes. After it stopped, they saw three men flee the vehicle in different directions. The police arrived on the scene shortly thereafter. Romeroalcala was found in an alcove in one of the surrounding apartment buildings. An iPhone was found on the driver's seat of the van. The number on the phone was linked to Garcia, and Garcia admitted the phone was his. In March 2019, Vincente F. identified Garcia out of a photo lineup as the driver of the van.

Following the presentation of evidence, the jury found Romeroalcala and Garcia not guilty of kidnapping but guilty of the lesser-included offense of false imprisonment by violence. It also found them both guilty of carjacking. On March 11, 2022, the trial court sentenced Garcia to the middle term of five years for the carjacking charge with a concurrent two-year sentence for false imprisonment.

Garcia appeals, arguing the court failed to apply section 1170, subdivision (b)(6), when selecting the five-year middle term. He requests that we vacate his sentence and remand the matter for resentencing.

3

## II

## DISCUSSION

*A. Carjacking Sentence*

Prior to 2022, former section 1170 gave the trial court broad discretion to determine whether to impose the lower, middle, or upper term. (*People v. Lopez* (2022) 78 Cal.App.5th 459, 464.) Courts could "select the term which, in the court's discretion, best serve[d] the interests of justice." (Former § 1170, subd. (b), Stats. 2020, ch. 29, § 15, eff. Aug. 6, 2020.) This discretion was curtailed beginning January 1, 2022, when section 1170 was amended by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3) (Sen. Bill 567). Following the amendment, the middle term became "the presumptive sentence for a term of imprisonment unless certain circumstances exist." (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1038, fn. omitted.)

Senate Bill 567 also added subdivision (b)(6) to section 1170. (*People v. Flores, supra*, 73 Cal.App.5th at pp. 1038-1039.) This subdivision created a presumption favoring the lower term when, among other things, the defendant was under the age of 26 when the offense was committed or has experienced certain types of trauma. (§ 1170, subd. (b)(6).) When either of these circumstances apply, the lower term must be applied "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances [so] that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6).) The amendments to section 1170 made by Senate Bill 567 apply retroactively to all cases that were not final as of January 1, 2022. (*Flores*, at p. 1039; *People v. Dunn* (2022) 81 Cal.App.5th 394, 403.)

It is undisputed that section 1170, subdivision (b)(6), applies here. Among other things, Garcia was 24 years old when the carjacking occurred. Garcia also asserts the record contains evidence showing he suffered childhood trauma. His parents divorced when he was seven years old. His mother later remarried, and his stepfather physically abused his mother and siblings for years. Further, Garcia was hit by a car

4

when he was eight years old, which caused severe fractures to his skull and left him with memory problems that persist to this day. Because section 1170, subdivision (b)(6) applies, Garcia should have been sentenced to the lower term unless the aggravating circumstances of the carjacking sufficiently outweighed these mitigating circumstances. Garcia contends the trial court erred by failing to apply this subdivision. We agree. Though Garcia was sentenced in March 2022, shortly after section 1170, subdivision (b)(6) had gone into effect, the record indicates the court did not apply it.

To begin, neither Garcia's sentencing brief nor the prosecution's sentencing brief mentioned section 1170, subdivision (b)(6). While Garcia's sentencing brief argued the court should consider his age, it did so in the context of *Miller v. Alabama* (2012) 567 U.S. 460 (*Miller*), which held that mandatory life sentences for persons under the age of 18 violated the Eighth Amendment. (*Id*. at p. 465.) Under *Miller*, Garcia's brief argued that his age should be considered in sentencing because juveniles have a less developed moral sense than adults and are more capable of change than adults. (Citing *Id*. at p. 471.) But Garcia never cited section 1170, subdivision (b)(6), let alone discussed how his age at the time of the offense triggered the lower-term presumption under this subdivision.[3]

Likewise, during the sentencing hearing, Garcia's counsel simply referred the court to the sentencing brief and never mentioned section 1170, subdivision (b)(6). While the prosecution noted that section 1170 had been amended, it only stated that "the law changed in that in order for the court to sentence to the upper term, the aggravating factors . . . need to be found true by the jury." Because no such findings had been made, the prosecution requested that Garcia be sentenced to the middle term. Although the

---

[3] The Attorney General does not contend that Garcia has forfeited this argument by failing to raise it in the trial court. Rather, the Attorney General only contests the merits of Garcia's argument. Thus, we do not address whether the argument has been forfeited.

5

prosecution should have known that Garcia was 24 years old when the offense occurred, it never brought section 1170, subdivision (b)(6), to the attention of the court.

Finally, nothing in the court's pronouncement of Garcia's sentence indicates it was aware of section 1170, subdivision (b)(6). As set forth above, this subdivision requires imposition of the lower term unless doing so "would be contrary to the interests of justice" because the aggravating circumstances outweigh the mitigating circumstances. (§ 1170, subd. (b)(6).) Nothing in the record reasonably shows the court engaged in this analysis. In selecting the five-year middle term, the court explained it "ha[d] considered [Garcia's] age, social history, and future prospects for productive life. [It] also considered the general objectives of sentencing, including protection of society, deterrence from future criminal conduct, sentencing uniformity, and ensuring the sentence indicated herein is commensurate with [Garcia's] behavior in the current case combined with his or her record. [It] also considered [Garcia's] age and other factors in arriving at this sentencing decision." While the court mentioned Garcia's age, this appears to be a response to Garcia's argument concerning age under *Miller*, *supra*, 567 U.S. 460, not a reference to section 1170, subdivision (b)(6).

In response, the Attorney General argues we should apply the general presumption that the trial court understood and followed applicable law. (Citing *People v. Mosley* (1997) 53 Cal.App.4th 489, 496.) However, "'[i]f the record demonstrates the trial court was unaware of its discretion or that it misunderstood the scope of its discretion under the applicable law, the presumption has been rebutted, and the order must be reversed.'" (*Hudson v. Foster* (2021) 68 Cal.App.5th 640, 662.)

Here, based on the discussion above, the record sufficiently demonstrates the court was unaware of the scope of its discretion under section 1170, subdivision (b)(6). To reiterate, the court's sentencing pronouncement does not reflect any understanding that it was required to impose the lower term unless the aggravating circumstances of the carjacking outweighed Garcia's youth and the trauma he

6

experienced as a child. Further, nothing in any of the briefing or statements made at oral argument mentioned the court's limited discretion under section 1170, subdivision (b)(6). Since the court was unaware of the scope of its discretion, the general presumption favoring the trial court's ruling has been rebutted.

Finally, the Attorney General argues that even if the trial court failed to apply section 1170, subdivision (b)(6), it would have reached the same result had the statute been applied. We disagree.

"Remand for resentencing is required . . . 'unless the record "clearly indicate[s]" that the trial court would have reached the same conclusion "even if it had been aware that it had such discretion."' [Citation.] This is because defendants are '"entitled to sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court."' [Citation.] A court that is not aware of the scope of its discretionary powers cannot exercise that 'informed discretion' any more than a court whose sentence may have been based on misinformation regarding a material aspect of the defendant's record." (*People v. Gerson* (2022) 80 Cal.App.5th 1067, 1096.)

As evident from the discussion above, nothing in the record clearly indicates the court would have reached the same conclusion. Garcia was still a youth at the time of the offense. The record also showed he had a turbulent childhood, including being hit by a car when he was eight years old, which impaired his memory. At the time of sentencing, Garcia had no prior felony convictions. His only prior arrest occurred in September 2012 (when he was 18 years old) for challenging another person to fight in public, which is a misdemeanor. (§ 415, subd. (1).) Further, the evidence indicates Garcia only drove the van and did not physically fight with Vicente F. Given these facts, it is unclear whether the court would again sentence Garcia to the middle term of five years if it applied section 1170, subdivision (b)(6). Due to this uncertainty, remand for resentencing is required.

7

*B. Motion to Augment*

Initially, Garcia requested that we make two corrections to the abstract of judgment so that it matched the trial court's oral pronouncement of his sentence. First, the court orally sentenced him to an aggregate term of five years, consisting of five years for the carjacking offense and a *concurrent* two-year sentence for false imprisonment. However, the abstract of judgment states Garcia was sentenced to an eight-month *consecutive* sentence for false imprisonment, resulting in an aggregate term of five years and eight months. Second, the abstract of judgment stated Garcia had served 876 actual days in custody when he had served 976 days. The Attorney General did not oppose either request.

After appellate briefing was completed, Garcia filed a motion to augment the record. His motion explained that the abstract of judgment had been corrected by the trial court, so he was withdrawing his above requests for relief. He sought to augment the record to include the amended abstract of judgment and the relevant amended minute orders. The motion to augment is granted, and Garcia's requests for relief concerning the abstract of judgment are now moot.

III

DISPOSITION

Garcia's sentence is reversed. The matter is remanded for resentencing, consistent with section 1170, subdivision (b)(6). In all other respects, the judgment is affirmed.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


MOTOIKE, J

9