Filed 1/5/21  P. v. Smith CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B304928 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA098545) |
| v. | |
| DAVID JACOB SMITH, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark C. Kim, Judge.  Affirmed.

Ava Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Marc A. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

After affirming appellant David Smith's murder and assault convictions, we remanded his case so the trial court could exercise its discretion to retain or strike a firearm enhancement under Penal Code section 12022.53, subdivision (h).[1] At the resentencing hearing, the trial court declined to strike the section 12022.53, subdivision (d) enhancement, leaving appellant's aggregate sentence of 40 years to life unchanged.

Appellant contends the trial court abused its discretion not by failing to strike the enhancement, but by failing to consider imposing instead a lesser enhancement under section 12022.53, subdivisions (b) or (c). We agree with respondent Attorney General that appellant forfeited this claim by failing to bring the putative error to the trial court's attention and affirm.

## BACKGROUND

The facts and procedural history underlying appellant's convictions are set forth in our prior opinion, *People v. Smith* (Jan. 8, 2019, B283278) [nonpub. opn.]. For purposes of this appeal, it is sufficient to state that appellant was convicted of second degree murder (§ 187) and assault with a firearm (§ 245, subd. (a)(2)) after he and his brother engaged in an altercation with two individuals on a public sidewalk. The parties exchanged words and blows before appellant pulled a gun and fatally shot victim Christopher Lane twice in the back and once in the cheek. The jury rejected a gang enhancement (§ 186.22, subd. (b)(1)(C)) but found true an allegation that appellant or a principal personally and intentionally discharged a firearm, causing great bodily injury or death (§ 12022.53, subds. (d) &

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

2

(e)).[2] The trial court sentenced appellant to a total term of 40 years to life: 15 years to life for the murder, an additional consecutive 25 years to life for the firearm enhancement, and a concurrent three years for the assault.

We affirmed appellant's convictions on appeal. We agreed with the parties, however, that remand of the matter was necessary to permit the trial court to exercise its discretion under then-newly enacted section 12022.53, subdivision (h), which gave trial courts the discretion to strike section 12022.53 enhancement allegations. (See *People v. Smith, supra.*)

On remand, appellant filed a lengthy sentencing memorandum urging the trial court to dismiss or strike the section 12022.53, subdivision (d) enhancement. He argued that "mitigating factors, including that the decedent and the witness were the aggressors and/or provokers, the unusual circumstances surrounding the shooting, Mr. Smith [*sic*] conduct being partially excusable by the use of self-defense, his lack of a prior criminal record, his background, character and prospects substantially outweighed . . . any aggravating factors,"[3] and the "relevant objectives of sentencing" would be served by "dismissing and/or striking the 12022.53 enhancements." Appellant attached to his memorandum a 10-page biography, as well as exhibits including

---

[2]The information also alleged firearm enhancements under section 12022.53, subdivisions (b) and (c). Both parties represent that the more severe section 12022.53, subdivision (d) allegation was the only firearm enhancement allegation presented to the jury.

[3]As we noted in our previous opinion, the jury "rejected [appellant's] theories of self-defense and defense of others." (*People v. Smith, supra.*)

photographs, certificates, transcripts, and letters from family and community members.

The prosecution filed an opposing memorandum. It argued that appellant's "background or social history" was not relevant to the resentencing inquiry, and that aggravating circumstances enumerated in the California Rules of Court warranted imposing the enhancement.

The trial court heard the matter on February 18, 2020. During his argument, and in remarks appellant made directly to the court, appellant repeatedly asserted that the court should strike the section 12022.53, subdivision (d) enhancement. On two occasions, however, appellant suggested that the court had the discretion to "impose a sentence of 10- 20-, or 25-to-life" by invoking subdivisions (b) or (c) of section 12022.53 instead of subdivision (d). The prosecutor briefly argued that the circumstances of the case did not warrant "any type of leniency" before submitting on her written opposition.

The court began its oral ruling by noting that the matter had been remanded "for the sole exercise of discretion under section 12022.53(h), . . .; that is, whether or not the court had discretion to strike the 12022.53(d) allegation that a firearm was used during the course of a homicide." Therefore, it explained, it was not going to revisit disputed factual issues the parties had argued about, including "the issue of self-defense" and "whether or not Mr. Lane had a gun." The court said that it was going to focus on "whether or not there are aggravating factors and whether or not there are mitigating factors, and when you balance it, whether or not the court should exercise it's [*sic*] discretion to strike the firearm allegation."

The court found there were "sufficient aggravating factor[s] why the court should not strike the gun enhancement." These included the great violence involved in the crime, appellant's use of a firearm, and the victims' vulnerability. The court stated that the victims "were just walking on the sidewalk, just like any one of us would do," and "the male victim was especially vulnerable[, because] he had turned his back when he was shot twice in the back and once on his cheek." The court remarked, "[t]hat does not tell this court that he [the victim] was actually the aggressor," and added that it was not persuaded by appellant's assertion that he was provoked into shooting the victim. "Based on those three grounds," the court concluded it would "not exercise its discretion to strike the gun allegation." Neither appellant nor the prosecutor objected, asked for any clarification of the ruling, or made further argument regarding section 12022.53, subdivisions (b) and (c). The minute order documenting the hearing states in relevant part, "Court exercises its discretion in sentencing and previously imposed 25 years to life as to enhancement 12022.53(d) of the Penal Code to stand. Sentence of 40 years to life imposed on 6-12-2017 remains the same."

Appellant timely appealed.

## DISCUSSION

Section 12022.53 contains three firearms enhancements of increasing severity that may be charged in connection with certain felonies. Section 12022.53, subdivision (b) provides for an additional and consecutive term of ten years where a defendant "personally uses a firearm" during the commission of a felony enumerated in section 12022.53, subdivision (a). (§ 12022.53, subd. (b).) Section 12022.53, subdivision (c) provides for an

5

additional and consecutive term of 20 years where a defendant "personally and intentionally discharges a firearm" during the commission of a felony enumerated in section 12022.53, subdivision (a).  (§ 12022.53, subd. (c).)  Section 12022.53, subdivision (d), the most severe, provides for an additional and consecutive term of 25 years to life where a defendant "personally and intentionally discharges a firearm and proximately causes great bodily injury, as defined in Section 12022.7, or death, to any person other than an accomplice" during the commission of a felony enumerated in section 246, subdivision (a), or section 26100, subdivisions (c) or (d). (§ 12022.53, subd. (d).)

Section 12022.53, subdivision (h) provides that the trial court "may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section."  (§ 12022.53, subd. (h).)  There is no dispute that subdivision (h) authorizes the trial court to fully strike a firearm enhancement if justice so requires, or to fully impose it.  Appellant contends that subdivision (h) gives the court discretion beyond this binary: rather than make the stark choice between imposing an enhancement of 25 years to life under subdivision (d) or no enhancement at all, he contends the court is authorized to impose one of the lesser enhancements under subdivision (b) or (c)  and must consider if doing so would be in the interests of justice. Because the trial court failed to expressly consider imposing one of the lesser enhancements here, he argues, it failed to appreciate the full scope of and therefore abused its discretion.  (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)

Failure to appreciate the scope of available discretion constitutes an abuse of discretion.  (*People v. Gutierrez, supra*, 58

Cal.4th at p. 1391.) Whether the trial court here operated under such a misapprehension is an open question, however. Currently pending before the Supreme Court in *People v. Tirado* (2019) 38 Cal.App.5th 637, rev. granted Nov. 13, 2019 (S257658) (*Tirado*), is the question whether the trial court can "impose an enhancement under Penal Code section 12022.53, subdivision (b), for personal use of a firearm, or under section 12022.53, subdivision (c), for personal and intentional discharge of a firearm, as part of its authority under section 1385 and subdivision (h) to strike an enhancement under subdivision (d) for personal and intentional discharge of a firearm resulting in death or great bodily injury, even if the lesser enhancements were not charged in the information or indictment and were not submitted to the jury."

The appellate court in *Tirado* held that the trial court did not have the discretion to impose section 12022.53, subdivision (b) or (c) enhancements because the only enhancement charged and found true by the trier of fact was section 12022.53, subdivision (d). (*Tirado*, *supra*, 38 Cal.App.5th at pp. 640, 644.) Appellant acknowledges that "*Tirado* addressed the situation in appellant's case," to the extent that his jury did not consider or render findings regarding section 12022.53, subdivisions (b) or (c). He maintains, however, that remand is necessary because the trial court "said *nothing* about the lesser subdivision (c) or (b) enhancements" despite his two references to them during argument, and the court in *People v. Morrison* (2019) 34 Cal.App.5th 217 remanded in such a situation.

We agree with the Attorney General that the problem for appellant is that he also said nothing about section 12022.53, subdivision (b) or (c) when the trial court pronounced its ruling.

7

"[C]omplaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 356; see also *People v. Trujillo* (2015) 60 Cal.4th 850, 856.) Appellant did not raise any complaints about the trial court's exercise of discretion below, and there is no indication in the record that such an objection would have been futile. The trial court overruled the prosecutor's continuing objections to appellant's extensive presentation regarding his personal background and permitted him to play a videotaped statement from his mother, indicating a willingness to entertain appellant's theories and arguments.

Appellant contends he did not forfeit the issue because "counsel twice argued the court could either strike the Penal Code subdivision (d) enhancement or impose one of the lesser firearm enhancements" during the resentencing hearing.[4] We are not persuaded. Appellant requested that the court "strike the gun enhancement, either wholly or impose a 10- or 20-year sentence under the triad that is given to the court" but did not object or seek clarification when the court exercised its discretion without addressing that aspect of his argument. "Had he timely and specifically objected below, the trial court presumably would have had an opportunity to correct, and could have corrected, any

---

[4]Appellant also asserts that he "extensively present[ed] the defense position in [his] sentencing memorandum," but did not provide a page citation beyond a range covering the entire memorandum and all of its exhibits. Our review of the memorandum and exhibits located only arguments to "dismiss or strike the 12022.53 enhancements" entirely, not to impose a subdivision (b) or (c) enhancement in lieu of the subdivision (d) enhancement.

error" or oversight.  (*People v. Ortiz* (2012) 208 Cal.App.4th 1354, 1372.)  The "general rules concerning the presumption of regularity of judicial exercises of discretion apply to sentencing issues." *(People v. Mosley* (1997) 53 Cal.App.4th 489, 496.)  In the absence of a timely objection from appellant, we apply those rules here.

**DISPOSITION**

Affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, J.

We concur:

MANELLA, P. J.

WILLHITE, J.

9