Filed 12/7/23  P. v. Hernandez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JOSE DE JESUS HERNANDEZ,<br><br>        Defendant and Appellant. | D081619<br><br><br>(Super. Ct. No. FVI17003037) |

APPEAL from a judgment of the Superior Court of San Bernardino County, Tony Raphael, Judge.  Affirmed with directions to correct the sentencing minute orders and abstracts of judgment.

Patricia L. Brisbois, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, and Christopher P. Beesley and Britton B. Lacy, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

Jose De Jesus Hernandez was convicted of sexually abusing his stepdaughter and two nieces over a period of years and was initially sentenced to serve a prison term of 30 years to life, consecutive to 8 years and 8 months. In his first appeal, Hernandez successfully argued, and the People conceded, that the trial court imposed an unauthorized sentence of 15-years-to-life for his conviction on count 4 (continuous sexual abuse of a child in violation of Penal Code[1] section 288.5, subd. (a)) because Hernandez committed that offense from September 1996 through September 2001, before the Legislature amended section 667.61, subdivision (c) to add section 288.5 as a One Strike offense. The matter was remanded for resentencing on count 4 without application of the One Strike Law (§ 667.61) and for correction of clerical errors in the sentencing minute order and abstracts of judgment. (See *People v. Hernandez* (Sept. 20, 2022, D080015) [nonpub. opn.] (*Hernandez*).)

In this second appeal, Hernandez claims the sentence on count 4 (mid-term of 12 years, consecutive) must again be reversed and also seeks the correction of trial court records as directed in *Hernandez* as well as subsequent court records. After initially claiming the resentencing violated ex post facto prohibitions based on an incomplete and inaccurate legislative history of section 667.6, Hernandez now concedes the trial court had discretion and the authority to impose the sentence on count 4 pursuant to the applicable version of section 667.6, but he raises two additional arguments in his supplemental letter brief: (1) the record does not clearly show the trial court understood the applicable version of section 667.6 did not mandate a full term consecutive sentence, and (2) the trial court failed to

---

[1] All further statutory references are to the Penal Code.

2

provide a statement of reasons for its election to sentence Hernandez under section 667.6 in lieu of section 1170.1.

We reject Hernandez's challenges to the sentence and affirm the trial court's judgment with directions for the correction of the trial court record.

RELEVANT BACKGROUND

After a jury convicted Hernandez on all four counts of child sexual abuse in 2021, the trial court sentenced him to the upper term of 8 years on count 3, a consecutive term of 8 months on count 2 (one-third of the midterm), and consecutive sentences of 15 years to life on counts 1 and 4, for a total indeterminate term of 30 years to life. Following remand in *Hernandez*, the trial court scheduled a resentencing hearing for February 1, 2023, where the trial court imposed an indeterminate prison term of 15 years to life and a determinate term of 18 years and 8 months to be followed by a lifetime period of parole with a total credit of 2,010 days. On count 4, Hernandez was sentenced to the midterm of 12 years, consecutive, for his continuous sexual abuse of Jane Doe 3 in violation of section 288.5, subdivision (a) from September 1996 through September 2001. Hernandez timely appealed.

In this second appeal, Hernandez initially argued that the sentence on count 4 violated ex post facto prohibitions based on the erroneous assumption that section 288.5 had not been added to section 667.6 as an offense for which a full-term consecutive sentence was permitted until 2006. The People conceded error despite this faulty premise, and both parties agreed the matter should be remanded for the correction of the February 1, 2023 resentencing minute order and the February 6, 2023 abstracts of judgment in addition to corrections to previous court records as directed in *Hernandez*.

On October 23, 2023, we issued an order requesting supplemental briefing to address Assembly Bill 2212 (Stats. 1989, ch. 1402, §§ 4, 7)

3

whereby the Legislature enacted section 288.5 (continuous sexual abuse) and amended Penal Code section 667.6, subdivision (c), to include Penal Code section 288.5 as an offense that could trigger an increased prison term. Both parties acknowledged in their respective supplemental letter briefs that the Legislature had amended section 667.6 to include continuous sexual abuse of a child in violation of section 288.5 prior to the commission of the count 4 offense, and that the trial court had discretion to impose a full-term consecutive sentence. However, Hernandez maintains reversal is still warranted.

As discussed below, we conclude (1) the trial court properly exercised its discretion to impose a lawful sentence, and (2) Hernandez forfeited his claim that the trial court failed to provide a statement of reasons for sentencing him pursuant to section 667.6 in lieu of section 1170.1. We therefore affirm the judgment and direct the trial court to correct the relevant trial court records.

## DISCUSSION

A.     *The Applicable Version of Penal Code Section 667.6.*

Section 667.6 was enacted by the Legislature in 1979 to provide longer prison terms for certain sex offenders than otherwise permitted under section 1170.1. (Stats. 1979, ch. 944, § 10, p. 3258.) In 1989, the Legislature enacted section 288.5 (continuous sexual abuse) and amended Penal Code section 667.6, subdivision (c), to include Penal Code section 288.5 as an offense that could trigger an increased prison term. (Stats. 1989, ch. 1402, § 7.)

Subdivision (c) of the applicable version of section 667.6, which was in effect from 1996 through 2001 when Hernandez committed the count 4 offense, states in part: "In lieu of the term provided in Section 1170.1, a full,

4

separate, and consecutive term may be imposed for each violation of . . . Section 288.5 . . . . If the term is imposed consecutively pursuant to this subdivision, it shall be served consecutively to any other term of imprisonment, and shall commence from the time the person would otherwise have been released from imprisonment. The term shall not be included in any determination pursuant to Section 1170.1. Any other term imposed subsequent to that term shall not be merged therein but shall commence at the time the person otherwise would have been released from prison."

In 2006, the Legislature made substantive and organizational amendments to section 667.6. (Stats. 2006, ch. 337, § 32.) In the current version of the statute, "[c]ontinuous sexual abuse of a child, in violation of Section 288.5" is listed in subdivision (e)(6) as one of the offenses for which the trial court "shall" impose "[a] full, separate, and consecutive term" for each violation of section 288.5. (§ 667.6, subd. (e)(6).)

B.     *The Trial Court Was Fully Aware of the Scope of its Discretion.*

Although it is now undisputed that the trial court had discretion to impose a full, separate, and consecutive term for count 4 pursuant to subdivision (c) of the operative version of section 667.6, Hernandez argues in his supplemental letter brief that the sentence is still subject to reversal because it is unclear from the record whether the trial court mistakenly relied on the current version of section 667.6, which mandates a full term consecutive sentence for violations of section 288.5, and posits the trial court did not realize it had discretion to *not* impose a full term consecutive sentence.

"The general rule is that a trial court is presumed to have been aware of and followed the applicable law." (*People v. Mosley* (1997) 53 Cal.App.4th 489, 496.) Yet, when a sentencing court was unaware of the full scope of its

discretionary powers at the time the defendant was sentenced, "the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)

Our review of the record reveals the trial court was fully aware of its discretionary power to impose either a concurrent or consecutive sentence despite references to subdivision (e)(6) of the current version of the statute during the resentencing hearing. Before pronouncing the sentence, the trial court unequivocally stated: "The Court acknowledges that it has discretion to sentence concurrent. But it's *choosing* to sentence consecutive in this case." (Italics added.) This express acknowledgment by the trial court of its authority to sentence Hernandez either concurrently or consecutively makes clear the trial court exercised informed discretion when it resentenced Hernandez.

Furthermore, the record shows the trial court would have sentenced Hernandez consecutively in any event. In addition to informing the parties that it intended to impose the maximum sentence possible at the initial sentencing hearing (see *Hernandez, supra,* D080015), the trial court informed the parties of its intention to sentence Hernandez consecutively in chambers prior to the resentencing hearing and repeated its intention twice prior to its pronouncement of the sentence. On this record, we conclude the trial court properly exercised its discretion when it imposed a consecutive sentence on count 4 in accordance with the applicable version of section 667.6.

Nor was there any violation of state or federal ex post facto clauses. (See *People v. Simmons* (2012) 210 Cal.App.4th 778, 796-797.) The initial ex post facto argument raised in Hernandez's opening brief was based on the

6

erroneous premise that "a full-term consecutive sentence for the violation of section 288.5, subdivision (a) in count 4 was not available before 2006" and therefore fatally flawed. Hernandez attempted to resurrect the ex post facto argument in his supplemental letter brief by claiming "the trial court expressly relied on a later version of 667.6" that was not in effect at the time the offense in count 4 was committed. Not only is this argument belied by the record as previously discussed, but Respondent aptly argues that no ex post facto violation occurred "because section 667.6 did, in fact, provide an increased penalty for continuous sexual abuse at the time appellant committed his continuing offense[.]"

C.    *Hernandez Forfeited any Error Based on a Deficient Statement of Reasons for Sentencing Pursuant to Section 667.6.*

Prior to its pronouncement of the sentence, the trial court offered the following statement of reasons for imposing consecutive terms in this case: "I find that the crimes and their objectives were predominantly independent of each other. The crimes involved separate acts of violence, or threats of violence, and the crimes were committed at different times with separate places rather than being committed so closely in time and place as to indicate a single period of aberrant behavior. Certainly from the testimony at trial, this is not a case of aberrant behavior. I do find that any one of these factors by itself justifies the imposition of consecutive sentences or consecutive terms in this case."

The trial court informed the parties of the sentence it intended to impose at a chambers conference prior to the resentencing hearing and provided counsel adequate opportunity to object at the hearing both before and after it stated its reasons and pronounced the sentence. Defense counsel did not raise any objection or seek a separate statement of reasons regarding

7

the trial court's election to sentence Hernandez pursuant to section 667.6 in lieu of section 1170.1.

Relying on *People v. Belmontes* (1983) 34 Cal.3d 335, 347-348, Hernandez argues for the first time in his supplemental brief that the trial court failed to include a statement of reasons for electing to sentence him under section 667.6 instead of section 1170.1. By failing to object on this ground in the trial court, Hernandez forfeited the issue on appeal. (See *People v. Scott* (2015) 61 Cal.4th 363, 406.)

D.    *Clerical Errors Must be Corrected.*

*Hernandez* provided the following directions for the correction of various clerical errors in the sentencing minute order and abstracts of judgment:

> At sentencing, the trial court imposed three separate victim restitution orders under section 1202.4 in the amounts of $2,654.95, $375, and $225, for a total of $3,254.95 in victim restitution. However, the sentencing minute order and indeterminate abstract of judgment state that Hernandez is to pay victim restitution in four specific amounts: $3,254.95, $2,654.95, $375, and $225. Both parties agree the first enumerated amount of $3,254.95, which is the total of the other three amounts of victim restitution when combined, is erroneous. Accordingly, the sentencing minute order and indeterminate abstract of judgment shall be corrected to comport with the oral pronouncement of judgment. [Citation.]
>
> Additionally, the indeterminate and determinate abstracts of judgment incorrectly state 2010 as the year Hernandez committed all of his crimes. Based on the charges in the information, evidence at trial, jury instructions, and verdicts, the parties agree count 1 occurred between 2010 to 2016; count 2 occurred between 2016 to 2017, count 3 occurred between 1994 to 1995, and count 4 occurred between

8

> 1996 to 2001. The abstracts of judgment shall be corrected accordingly. [Citation.]

At the outset of the resentencing hearing following remand, the trial court referred to the remittitur issued in *Hernandez*, acknowledged that the corrections would be made as directed, and requested "the clerk's office" make the corrections. However, it appears the trial court clerk has yet to make the corrections as previously directed, and the parties also correctly observed that the February 1, 2023 minute order and the February 6, 2023 abstracts of judgment also require correction.

On February 1, 2023, the trial court made the following restitution order: "The Court orders restitution – orders the defendant to pay restitution under 1202.4 to be collected by the Department of Corrections and Rehabilitation as follows: $2,654.95 to Victim Compensation Board, case number A17[-]6655906; $375 to Victim Compensation Board, case number A17[-]6667869; and $225 to Victim Compensation Board, case number A17[-] 6667919. The Court will continue to reserve on victim restitution." The February 1, 2023 minute order again separately lists the "$3,254.95" total to be collected in addition to the separate amounts comprising the total. The February 6, 2023 indeterminate and determinate abstracts of judgment similarly reflect the restitution error as well as the errors identified in *Hernandez*.

The trial court must ensure the prompt correction of these records.

DISPOSITION

The February 1, 2023 sentence is affirmed. The trial court is directed to correct the trial court records as stated in this opinion, including the "**Corrected** [¶] Minute Order" dated September 20, 2021, page 2, and the minute order dated February 1, 2023, page 2, to remove "$3,254.95." The

9

trial court is instructed to issue amended abstracts of judgment reflecting the sentence entered on February 1, 2023, correcting the years the count 4 crimes were committed (1996-2001), and removing "$3,254.95" from the restitution amounts listed. The trial court shall forward the amended abstracts of judgment to the California Department of Corrections and Rehabilitation.

                                                          CASTILLO, J.

WE CONCUR:


DO, Acting P. J.


BUCHANAN, J.