Filed 12/28/23  P. v. Mendoza CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>NAHUM MENDOZA,<br><br>    Defendant and Appellant. | D081440<br><br><br><br>(Super. Ct. No. SCD290697) |

APPEAL from an order of the Superior Court of San Diego County, Daniel B. Goldstein, Judge.  Affirmed.

Patrick Morgan Ford, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Paige B. Hazard, Deputy Attorneys General, for Plaintiff and Respondent.

Nahum Mendoza appeals a trial court order requiring him to register as a sex offender for a violation of Penal Code section 261.5, subdivision (d).[1]

---

1    All statutory references are to the Penal Code unless otherwise indicated.

On appeal, Mendoza contends that the trial court abused its discretion in requiring him to register because the court failed to make a finding that the offense was the product of sexual compulsion or gratification.

First, we conclude that Mendoza did not forfeit his argument because he raised the registration requirements sufficiently before the trial court. However, we determine that the trial court sufficiently set forth its analysis in support of its implied finding that the offense was committed as a result of sexual compulsion or for purposes of sexual gratification. We therefore affirm the trial court's order.

## FACTUAL BACKGROUND

On July 7, 2022, Mendoza pled guilty to one count of unlawful sexual intercourse with a minor under 16 years of age, a felony. (§ 261.5, subd. (d).) In his plea form, he stated, "I had sexual intercourse w/ a woman before her 18th birthday. I was 24 years old at that time. The woman was under 16."

## PROCEDURAL BACKGROUND

At his sentencing hearing, Mendoza asked the court to decline to order sex offender registration, contrary to the recommendation of the probation office and the prosecutor. After discussion, the court found that discretionary sex offender registration was proper, noting, "It's a relationship that the defendant is 24—we'll give him the benefit of the doubt—she was 16. Okay. Res ipsa, I mean, it is lewd and lascivious on its face, right?" Mendoza appeals.

## DISCUSSION

The Penal Code allows for the court to require registration as to certain sex offenders. (§ 290 et seq.) For defendants convicted of statutorily specified sex offenses, the registration requirement is mandatory (§ 290,

2

subd. (c)).  Mendoza's conviction is not among the statutorily required offenses.

A registration order is discretionary for a defendant convicted of any other offense.  (§ 290.006.)  Section 290.006, subd. (a) provides that "[a]ny person ordered by any court to register pursuant to the act, who is not required to register pursuant to Section 290, shall so register, if the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification.  The court shall state on the record the reasons for its findings and the reasons for requiring registration."  Thus, the statute allows a court to impose the discretionary registration requirement if (1) the court finds that the defendant "committed the offense as a result of sexual compulsion or for purposes of sexual gratification," and (2) the court states on the record reasons for its findings and for requiring sex offender registration.

Mendoza contends that the court abused its discretion "by failing to make the individualized findings required by section 290.006(a)."

## A.    *Forfeiture*

The People contend that Mendoza has forfeited his sole argument on appeal, namely that the court failed to make the required findings under § 290.006, because he did not ask the court to do so at the time of sentencing.

The California Supreme Court has held "that the waiver doctrine should apply to claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices.  Included in this category are cases in which . . . the court purportedly erred because it . . . failed to state any reasons or give a sufficient number of valid reasons."  (*People v. Scott* (1994) 9 Cal.4th 331, 353.)  As the Court explained, "[a]lthough the court is required to impose sentence in a lawful manner, counsel is charged with

3

understanding, advocating, and clarifying permissible sentencing choices at the hearing. Routine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention." (*Ibid.*)

Here, in discussion during Mendoza's sentencing hearing, Mendoza's counsel challenged the court's conclusion that there was a basis to impose discretionary registration, arguing that the court's analysis amounted to strict liability for the offense, i.e., that "in every statutory rape case, by definition, there's going to be the sexual component to it." The court countered that other factors could come into play, such as the subsequent marriage of the parties, or a smaller age difference, or "the victim is here telling me" her view on registration.[2]

We conclude that Mendoza did not waive the issue simply because his counsel did not make a specific request for the court to use language that precisely tracked the statute. The court's position was clear, and there was nothing for Mendoza's trial counsel to gain by insisting on the court's recitation of the statutory language. It cannot be said that Mendoza failed to adequately raise in the trial court the issue we now consider.

B. ***The trial court did not abuse its discretion in ordering registration***

A trial court's decision to exercise its discretion to require sex offender registration pursuant to section 290.006 is reviewed for an abuse of discretion. (*People v. Eastman* (2018) 26 Cal.App.5th 638, 648-650.) An appellate court will not interfere with a discretionary ruling unless it finds that the trial judge "exercised its discretion in an arbitrary, capricious or

---

[2] The victim, who by the time of sentencing was an adult, chose not to appear at the sentencing hearing.

patently absurd manner that resulted in a manifest miscarriage of justice." (*People v. Jordan* (1986) 42 Cal.3d 308, 316.)

"In the absence of evidence to the contrary, we presume that the court 'knows and applies the correct statutory and case law.' " (*People v. Thomas* (2011) 52 Cal.4th 336, 361.) These principles apply to the court's sentencing decisions. (See *People v. Mosley* (1997) 53 Cal.App.4th 489, 496-497 [presumption of correctness of court's decision and regularity of judicial exercises of discretion apply to sentencing issues].)

Here, the record reflects that the court was well aware of the registration law, including recent changes to the tier system for assessing the duration of the registration requirement. Further, both the probation report and the People's sentencing memorandum discussed the relevant standard for discretionary registration.

In the instant case, we conclude that the trial court adequately satisfied the requirements of section 290.006, even though it did not recite the provisions of the statute in its ruling (i.e., that the offense was committed as a result of sexual compulsion or for purposes of sexual gratification).

Twice during the sentencing hearing, in discussing the registration issue, the court noted that the offense was "lewd and lascivious" "on its face" Under section 188, the offense of lewd and lascivious acts requires "the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires" of perpetrator or victim. By making reference to lewd and lascivious conduct, the court could only have been referencing its conclusion that the offense was committed for purposes of gratifying sexual desires, i.e., for purposes of sexual gratification.

Further, the issue was squarely presented and discussed by the parties and the court at sentencing, and the court's comments made it clear that the

5

court had concluded that Mendoza's conduct met the factual prerequisites for discretionary sex offender registration.  (Cf. *People v. Clair* (1992) 2 Cal.4th 629, 691, fn. 17 [although the court did not state its findings on the record, it nevertheless "impliedly—but sufficiently" made a true finding on a sentencing allegation].)

Because the trial court adequately complied with the two-step inquiry set forth in section 290.006 and its findings and reasons for requiring registration are supported by the record, the court did not act in an arbitrary, capricious, or patently absurd manner.  Therefore, the trial court did not abuse its discretion in imposing registration pursuant to section 290.006.

## DISPOSITION

The trial court's order is affirmed.

KELETY, J.

WE CONCUR:

DO, Acting P. J.

CASTILLO, J.

6